UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN JESUS MATA ENRIQUEZ and JAVAL ENCARNACION, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>189 CHRYSTIE STREET PARTNERS, LP d/b/a THE BOX, VARIETY WORLDWIDE LLC, SIMON HAMMERSTEIN and JAVIER VIVAS, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs Juan Jesus Mata Enriquez and Javal Encarnacion allege through their attorneys, Lipsky Lowe LLP, as against Defendants 189 Chrystie Street Partners, LP d/b/a The Box, Variety Worldwide LLC, Simon Hammerstein and Javier Vivas as follows:

NATURE OF THE ACTION

1. Plaintiffs allege on their behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, (iii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3, and (iv) unlawfully retaining gratuities.

2. Plaintiffs allege on their behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair

-1-

Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the FLSA by unlawfully retaining gratuities.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Enriquez was, at all relevant times, an adult individual residing in the Bronx, New York.

7. Plaintiff Encarnacion was, at all relevant times, an adult individual residing in the Bronx, New York.

8. Upon information and belief, Defendant 189 Chrystie Partners, L.P. d/b/a The Box is a limited partnership that is organized under New York law, is authorized to do business in the State of New York and has its headquarters in this District.

9. Upon information and belief, Defendant Variety Worldwide LLC (together with 189 Chrystie Partners, L.P., the "Corporate Defendants") is a limited liability company that is organized under Delaware law, is authorized to do business in the State of New York and has its headquarters in this District.

10. Defendants jointly employed Plaintiffs and other individuals at all relevant

times.

11. Each Defendant had substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

12. Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all relevant times.

13. During all relevant times, Defendants' operations are interrelated and unified.

14. During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all bussers, bartenders, waiters, waitresses, hosts, hostesses, and barbacks.

15. Upon information and belief, Defendants employ more than 11 employees.

16. The Corporate Defendants are, upon information and belief, enterprises engaged in commerce or in the production of goods for commerce. The Corporate Defendants are engaged in commerce or in the production of goods for commerce, because, *inter alia*, they have employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, their annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, computers, glassware and beverages.

17. Defendant Simon Hammerstein, upon information and belief, is the Co-Owner of The Box and a founding partner of Variety Worldwide LLC. He, upon

information and belief, owns, operates and controls Defendants' day-to-day operations and management and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

18. Defendants Hammerstein is regularly present at The Box. He interacts with employees and instructs upper-level employees on what tasks to perform and how to perform them. He also has the authority to hire and fire employees.

19. Defendant Javier Vivas, upon information and belief, is the General Manager of The Box and Chief Operating Officer of Defendant Variety Worldwide LLC. He, upon information and belief, operates and controls Defendants' day-to-day operations and management and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

20. Defendants Vivas is regularly present at The Box. He interacts with employees and instructs employees on what tasks to perform and how to perform them. He, for example, directed the bussers to replenish liquor bottles during Plaintiffs' employment. He also has the authority to hire and fire employees.

21. Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees, controlled Plaintiffs' work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

## STATEMENT OF FACTS

22. Defendants own, operate and manage The Box, which is a club that features nightly shows that combine music, theater, burlesque and erotica.

23. Defendants employ more than 11 individuals at any one time.

Duties and Hours Worked[1]

                Plaintiff Enriquez

24. Defendants employed Plaintiff Enriquez as a busser from the beginning of 2010 to March 15, 2020.

25. As a busser, Plaintiff Enriquez was responsible for setting tables, placing and replacing silverware on tables during events, refilling beverages, clearing and cleaning tables and cleaning chairs. Defendants, in addition, required him to spend approximately 1 to 1.5 hours each workday performing non-tipped duties, including cleaning the sidewalk, shoveling snow off the sidewalk during the winter, taking out the garbage and moving furniture during events.

26. Throughout his employment, Plaintiff Enriquez typically worked from 10:00 p.m. to 5:30 a.m., four days per week, totaling 30 hours per week.

                Plaintiff Encarnacion

27. Defendants employed Plaintiff Encarnacion as a busser from 2011 or 2012 to March 15, 2020.[2]

28. As a busser, Plaintiff Encarnacion was responsible for setting tables, placing and replacing silverware on tables during events, refilling beverages, clearing and cleaning tables and cleaning chairs. Defendants, in addition, required him to spend approximately 1 to 2 hours each workday performing non-tipped duties, including cleaning the sidewalk, shoveling snow, taking out the garbage, sweeping and moving furniture during events.

29. From 2011 or 2012 to 2016, Plaintiff Encarnacion typically worked from

---

[1] These subject lines are included only for organizational purposes.
[2] All dates and date ranges are based on Plaintiffs' best, good-faith estimates.

10:00 p.m. to 5:30 a.m., two days per week, totaling 15 hours per week.

30. From 2016 to March 15, 2020, Plaintiff Encarnacion typically worked from 10:00 p.m. to 5:30 a.m., three to four days per week, totaling 22.5 to 30 hours per week.

31. Defendants did not provide Plaintiff Encarnacion with a meal break.

Compensation and Unlawful Tip Pool

32. The following chart shows the minimum wage under the Labor Law for the relevant years for employers with more than 11 employees:

| Year | NY Min. Wage | NY Tip Credit | NY Tip Minimum Wage |
|---|---|---|---|
| 2020 | $15.00 | $5.00 | $10.00 |
| 2019 | $15.00 | $5.00 | $10.00 |
| 2018 | $13.00 | $4.35 | $8.65 |
| 2017 | $11.00 | $3.50 | $7.50 |
| 2016 | $9.00 | $1.50 | $7.50 |

33. From 2010 to 2011, Defendants paid Plaintiff Enriquez $5.50 per hour, which is below the Labor Law's statutory minimum wage.

34. From 2011 to early 2014, Defendants paid Plaintiffs $5.50 per hour, which is below the Labor Law's statutory minimum wage.

35. From early 2014 to early 2015, Defendants paid Plaintiffs $8.00 per hour.

36. From early 2015 to July 22, 2019, Defendants paid Plaintiffs $8.75 per hour.

37. From July 22, 2019 to March 15, 2020, Defendants paid Plaintiffs $10.00 per hour, which is below the Labor Law's statutory minimum wage.

38. Plaintiffs regularly received tips from customers.

39. Defendants paid Plaintiffs below the minimum wage because, upon

information and belief, they were tipped employees and they took a tip credit.

40. Defendants did not meet the necessary conditions to claim a tip credit against Plaintiffs' hourly rates.

41. Prior to 2020, Defendants did not inform Plaintiffs that they were taking a tip credit: they did not inform them of this verbally or on any wage statement or notice.

42. Defendants were not permitted to take a tip credit because Plaintiffs' non-tipped duties typically exceeded 20% or 2 hours, whichever is less, of their work days.[3]

43. Defendants required Plaintiffs to pool their tips with other bussers, barbacks, waiters, bartenders, and hostesses, as well as with doormen and managers (the "Tip Pool"). The doormen and managers, however, had managerial authority: the doormen were considered management and had the authority to hire and fire employees, and the managers had the ability to discipline employees, to send them home and to fire them.

44. Beginning in 2019, Defendants paid back-of-the-house employees, including production staff, from the Tip Pool, and then split the remainder of the tips amongst the Tip Pool members.

45. Defendants, upon information and belief, did not keep track of the amount of tips each employee received each day.

Labor Law Notice Violations

46. Defendants did not provide Plaintiffs or the other similarly situated employees the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

---

[3] 12 N.Y.C.R.R. § 146-2.9.

47. Defendants did not provide Plaintiffs or other similarly situated employees with a wage statement with each payment of wages that complied with N.Y. Lab. Law § 195.3. Specifically, prior to 2020, Defendants provided Plaintiffs with wage statements that failed to identify that they were taking a tip credit.

48. From speaking with them, Plaintiffs know that other bussers, barbacks, waiters, waitresses, hosts, hostesses and bartenders that worked for Defendants were, like them, paid below the statutory minimum wage, shared tips with the doormen and managers, were not given the required Labor Law notices, and spent 20% or more of their time performing non-tipped work.

## CLASS ACTION ALLEGATIONS

49. Plaintiffs assert these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were bussers and other comparable tipped positions with different titles, including "barback," "waiter," "waitress," "bartender," "host" or "hostess" at any time since December 30, 2015 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

50. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 60 Class Members exist.

51. Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

52. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

53. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

54. Plaintiffs have the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

55. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

    a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the Labor Law;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether Defendants gave Plaintiffs and the Class Members proper notice of the "tip credit" as 12 N.Y.C.R.R. §§ 146-1.3 and 2.2 requires;

    e. whether Plaintiffs and the Class Members performed non-tipped duties for more than 20% or 2 hours, whichever is less, of each workday;

      f.      whether Defendants can avail themselves of a tip credit and pay Plaintiffs and the Class Members less than the statutory minimum wage;

      g.      whether Defendants maintained adequate records of the tips that Plaintiffs and the Class Members received;

      h.      whether Defendants withheld tips or gratuities under the Labor Law, violating N.Y. Lab. Law § 196-d;

      i.      whether Defendants failed to provide Plaintiffs and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

      j.      whether Defendants failed to provide Plaintiffs and the Class Members the required statement with each wage payment under N.Y. Lab. Law § 195.3;

      k.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiffs and the Class Members were employed;

      l.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

      m.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

COLLECTIVE ACTION ALLEGATIONS

56. Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were bussers and other comparable tipped positions with different titles, including "barback," "waiter," "waitress," "bartender," "host" or "hostess" at any time since December 30, 2018 to the

entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

57. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a. Defendants employed the Collective Action Members within the meaning of the FLSA;

    b. Collective Action Members performed similar duties;

    c. Defendants failed to keep true and accurate time records for all hours Plaintiffs and the Collective Action Members worked;

    d. Defendants willfully or recklessly violated the FLSA;

    e. Defendants withheld tips or gratuities from Plaintiffs and the Collective Action Members;

    f. Defendants should be enjoined from such violations of the FLSA in the future; and

    g. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Action Members)

58. Plaintiffs reallege every preceding allegation as if set forth fully herein.

59. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiffs and the Class Members.

60. The wage payment provisions of Article 6 of the Labor Law and

supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the Class Members.

61. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Class Members the statutory minimum wage.

62. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

63. Defendants paid Plaintiffs and the Class Members below the statutory minimum wage.

64. Defendants were not eligible to take a tipped credit and pay Plaintiffs and the Class Action Members below the statutory minimum wage under 12 N.Y.C.R.R. §§ 137-2.1, 2.2 and 12 N.Y.C.R.R. §§ 146-2.2, 2.9 because prior to 2020, Defendants failed to inform Plaintiffs and the Class Action Members of the provisions of the Labor Law's tip credit provisions, Defendants retained a portion of Plaintiffs and the Class Action Members' tips, and Plaintiffs and the Class Action Members spent 2 hours or more than 20%, whichever is less, of each work day performing non-tipped duties.

65. Defendants are accordingly liable to Plaintiffs and the Class Action Members for the difference between the hourly rate at which they paid them and the statutory minimum wage.

66. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiffs and the Class Members the minimum wage.

67. Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SECOND CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES UNDER THE FLSA
(On Behalf of Plaintiffs and the Collective Action Members)

68. Plaintiffs reallege every preceding allegation as if set forth fully herein.

69. Plaintiffs consent, through counsel, to be parties to this action under 29 U.S.C. § 216(b).

70. Defendants employed, and/or continue to employ, Plaintiffs and the Collective Action Members within the meaning of the FLSA.

71. Defendants willfully violated 29 U.S.C. § 203(m)(2)(B) by unlawfully retaining a portion of Plaintiffs and Collective Action Members' gratuities, by unlawfully attributing a portion of their tips to managers and by paying the back of the house employees from the Tip Pool.

72. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

73. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs and the Collective Members' compensation.

74. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

75. Due to Defendants' violations of the FLSA, Plaintiffs and the Collective

Action Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

76. Plaintiffs reallege every preceding allegation as if set forth fully herein.

77. Defendants willfully violated the N.Y. Lab. Law § 196-d by unlawfully retaining a portion of the gratuities that should be remitted to the Class Members.

78. Due to Defendants' violations of the Labor Law, Plaintiffs and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

79. Plaintiffs reallege every preceding allegation as if set forth fully herein.

80. Defendants willfully failed to supply Plaintiffs and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

81. Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiffs and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys'

fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

82. Plaintiffs reallege every preceding allegation as if set forth fully herein.

83. Defendants willfully failed to supply Plaintiffs and the Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab. Law § 195.3.

84. Due to Defendants' violations of N.Y. Lab. Law § 195.3, Plaintiffs and the Class Members are entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d (2016).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiffs and

their counsel to represent the Collective Action Members and tolling of the statute of limitations;

      c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

      d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      e.      An award for unpaid minimum wages under the Labor Law;

      f.      An award for unlawfully retained gratuities under the Labor Law and the FLSA;

      g.      An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

      h.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

      i.      An award of liquidated damages as a result of Defendants' Labor Law violations;

      j.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

      a.      An award of compensatory damages and punitive damages under the Labor Law and FLSA for Defendants' retaliatory conduct.

      b.      Equitably tolling the statute of limitations under the FLSA;

      c.      An award of pre-judgment and post-judgment interest;

      d.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      e.      Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       December 30, 2021

               LIPSKY LOWE LLP


               s/ Douglas B. Lipsky
               Douglas B. Lipsky
               Sara Isaacson
               420 Lexington Avenue, Suite 1830
               New York, New York 10170-1830
               Tel: 212.392.4772
               Fax: 212.444.1030
               doug@lipskylowe.com
               sara@lipskylowe.com