UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN JESUS MATA ENRIQUEZ and JAVAL ENCARNACION, individually and on behalf of all other persons similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>189 CHRYSTIE STREET PARTNERS, LP d/b/a THE BOX, VARIETY WORLDWIDE LLC, SIMON HAMMERSTEIN and JAVIER VIVAS, Jointly and Severally,<br><br>       Defendants. | ECF CASE<br><br>No.: 1:21-cv-11195 (SN) |

NOTICE OF PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT

For the reasons set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the Fair Labor Standards Act Settlement, the April 28, 2023 Declaration of Douglas B. Lipsky ("Lipsky Dec."), and the April 28, 2023 Declaration of Mary Butler from Simpluris, Inc. (Claims Administrator), Plaintiffs respectfully request the Court enter an Order:

1.  Granting final certification of the Settlement Class Members;

2.  Granting final approval of the October 25, 2022 Classwide Settlement Agreement and Release, attached as Exhibit B to the Lipsky Dec.;

3.  Granting approval of the FLSA Settlement; and

4.  Granting such and other, further, or different relief as the Court deems just and proper.

A proposed order is provided as Exhibit A for the Court's consideration.

Dated: New York, New York
April 28, 2023

                        LIPSKY LOWE LLP

                        <u>s/ Douglas B. Lipsky</u>
                        Douglas B. Lipsky
                        420 Lexington Avenue, Suite 1830
                        New York, New York 1830
                        212.392.4772
                        doug@lipskylowe.com
                        *Attorneys for Plaintiffs and*
                        *the Class Members*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN JESUS MATA ENRIQUEZ and JAVAL ENCARNACION, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>189 CHRYSTIE STREET PARTNERS, LP d/b/a THE BOX, VARIETY WORLDWIDE LLC, SIMON HAMMERSTEIN and JAVIER VIVAS, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>No.: 1:21-cv-11195 (SN) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, APPROVAL OF THE SERVICE PAYMENTS, AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came before the Court on the application of Plaintiffs and Defendants for final approval of the October 25, 2022 Classwide Settlement Agreement and Release (the "Agreement"). The Court having held a Final Fairness Hearing on May 12, 2023 at 10:30 a.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this _____ day of _____, 2023.

IT IS HEREBY ORDERED THAT:

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement, including:

Settlement Class or Settlement Class Members: Named Plaintiffs and all persons whom Defendants employed in the tipped positions of server, bartender, and busser at any time during the period from December 30, 2015 to December 30, 2021. Agreement ¶ 26.

Authorized Claimant: Any Settlement Class Member who timely files a fully completed Claim Form on or before 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members (i.e., Bar Date), and who are entitled to receive a Final Settlement Payment Under this Agreement. Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 3.

Bar Date:  The date that is 60 calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members. Agreement ¶ 4.

Settlement Notice: The notice substantially in the form of Exhibit A to the Agreement to be directed to Settlement Class Members and to explain the Settlement Agreement and Settlement Class Members' options, which shall be sent to the class following entry of the Preliminary Approval Order. Agreement ¶ 27; Exhibit A.

Claim Submission Period: The period beginning with the date the Settlement Notice and Claim Forms are post-marked to the Settlement Class Members and ending on the Bar Date. The Settlement Class Members must timely file a Claim Form so that they are post-marked on or before the Bar Date to be an Authorized Claimant. Agreement ¶ 6.

Claims Administrator:  Simpluris Inc., or such other entity, agreed upon by the Parties, who will perform all of the administrative duties. Agreement ¶ 7.

Released Parties:  189 Chrystie Street Partners, LP d/b/a The Box and Variety Worldwide LLC, including past, present, and future parent companies, affiliates, predecessors, successors, partners, owners, joint ventures, affiliated organizations, insurers, reinsurers and assigns, and Simon Hammerstein and Javier Vivas. Agreement ¶ 23.

Final Effective Date: The date when the Court enters the Final Approval Order. The Parties agree the Court shall retain jurisdiction to enforce the terms of the Agreement unless specifically set forth otherwise in the Agreement. Agreement ¶ 13.

Released Claims:  In connection with the Released Parties employment the Settlement Class Members at The Box in the tipped positions of server, bartender, and busser at any time between December 30, 2015 and December 31,

2021, the Settlement Class Members will be releasing all claims, causes of action and lawsuits they have had, now have or may have in the future, against all Defendants, both individually and as entities, that concern the Released Parties' alleged failure to pay them the minimum wage under the NYLL, unlawfully retaining their gratuities under both the NYLL and FLSA, failure to provide them an accurate wage statement under N.Y. Lab. Law § 195.1, and failure to provide them an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment. The Released Claims include all types of relief available for the above-referenced theories of relief, including any unpaid wages, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses, penalties, fines, liens, attorneys' fees, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. Agreement ¶ 22.

<u>Final Fairness Hearing:</u>  The hearing contemplated by the Parties, at which the Court will approve, in final, the Agreement and make such other final rulings as this Agreement contemplates. The date of the Final Fairness Hearing shall be set by the Court and notice of such hearing shall be provided to Settlement Class Members and in the Settlement Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members, other than those who are Objectors. To allow for all the events set forth in this Agreement to occur, the Parties shall request that the Court schedule the Final Fairness Hearing for at least 90 days after entering the Preliminary Approval Order. Agreement ¶ 14.

2. This Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. This Agreement is the product of arm's-length settlement negotiations.

3. The Settlement Notice given to the Settlement Class Members fully and accurately informs them of the proposed settlement, was the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all Class Members, complying fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

4. 2 Settlement Class Members exercised their opt-out rights in this lawsuit and are therefore excluded from the terms of the Agreement, including the release of claims and receiving any payment.

5. Under the Agreement, Settlement Class Members who did not timely exercise their opt-out rights in this lawsuit are conclusively deemed to have released or discharged the Released Parties from, and are permanently enjoined and barred from asserting, against the Released Parties, any and all Released Claims in the future. All such matters are hereby finally concluded, terminated and extinguished.

6. As of the date of this Order, and except as to any rights or claims the Agreement creates, the Named Plaintiffs and Authorized Claimants shall be deemed to have forever and fully released the Released Claims against the Released Parties.

7. The Court grants Plaintiffs' Motion for Approval of Class Representative Service Award Payments (Dkt. Nos. 47-48) and awards $15,000.00 to Juan Jesus Mata Enriquez and Javal Encarnacion, totaling $30,000.00. These Service Payments are reasonable in light of the efforts they have expended in furthering the Settlement Class Members' interests, and the risks they incurred by becoming and continuing as litigants.

8. The Court grants Class Counsel's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses (Dkt. Nos. 49-50) and awards them 1/3 of the Gross Settlement Sum in attorneys' fees and expenses, totaling $141,666.67: $139,014.67 in attorneys' fees and $2,652.00 in expenses. The fee award is justified by Counsel's substantial experience in prosecuting large-scale wage and hour class and collective actions, the work that Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the risk that Counsel undertook in bringing the claims, and the work that Counsel will likely have to perform

following the entry of this Order. And the Court awards $6,529.21 to Simpluris for administering this settlement.

9. Under the Agreement, within 30 days of the Court entering this order, the Settlement Payments shall be distributed to the Authorized Claimants, the Service Awards shall be distributed to the Named Plaintiffs, the attorneys' fees and expenses shall be distributed to Class Counsel and the administrator's fee shall be distributed to the Claims Administrator. The checks to the Authorized Claimants and Named Plaintiffs shall be valid for 180 calendar days. If an Authorized Claimant requests a check to be reissued within the 180-day period, the Claims Administrator will, upon confirming that the Authorized Claimant's check was not cashed, reissue that Authorized Claimant's check and remit it to Class Counsel. Reissued checks will be valid until the later of (1) the end of the 180th calendar day period that the initial check was issued or (2) 180 calendar days after the date of the reissued check, whichever is later. Agreement ¶ 40.

10. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

SO ORDERED:

Dated: New York, New York
_____, 2023

_____
The Honorable Sarah Netburn, U.S.M.J.